UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
CAREEMA WATSON,

              Plaintiff,

  - against -

NEW YORK STATE DEP'T OF MOTOR VEHICLES,

              Defendant.
------------------------------------------X

16 Civ. 7532 (RWS)

OPINION

A P P E A R A N C E S:

    <u>Attorney for Plaintiff</u>
    Plaintiff, *pro se*
    Careema Watson
    1515 St. John's Place, Apt. 1
    Brooklyn, NY 11213

    <u>Attorney for Defendant</u>
    ERIC T. SCHNEIDERMAN
    Attorney General of the State of New York
    120 Broadway, 24th Floor
    New York, NY 10271
    By: David P. Holgado

1

**Sweet, D.J.**

Defendant New York State Department of Motor Vehicles ("DMV" or the "Defendant") has moved pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the complaint of Plaintiff Careema Watson ("Watson" or the "Plaintiff") (the "Complaint") for lack of subject matter jurisdiction. The Complaint alleges that the DMV violated the Americans with Disabilities Act, 42 U.S.C. §§ 12112-17 ("ADA"), the New York State Human Rights Law, N.Y. Exec. L. §§ 290-97 ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101-131 ("NYCHRL"). (See Compl. at 1, Dkt. 2.) Specifically, Watson alleges that the DMV failed to accommodate her alleged disability of epilepsy and lupus and proceeded to wrongfully terminate her employment. (See Compl. at 2, 9, 12-13.) For the following reasons, the Defendant's motion is granted and the Complaint is dismissed with leave to replead within 20 days.

**Prior Proceedings**

Plaintiff filed the instant Complaint on September 26, 2016. (Dkt. 2.) On February 14, 2017, Defendant moved the instant motion to dismiss. (Dkt. 9.) The motion was taken on submission and marked fully submitted on April 21, 2017.

2

**Legal Standard**

"The inquiry on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) concerns whether the district court has the statutory or constitutional power to adjudicate the case." Jackson v. N.Y.S. Dep't of Labor, 709 F. Supp. 2d 218, 223 (S.D.N.Y. 2010) (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Id. (quoting Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)).

**Plaintiff's Complaint Is Dismissed With Leave To Replead**

The Eleventh Amendment to the United States Constitution precludes federal courts from entertaining lawsuits by individuals against the States and state agencies. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000); Seminole Tribe v. Fla., 517 U.S. 44, 54 (1996); Papasan v. Allain, 478 U.S. 265, 276 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (state agencies are entitled to sovereign immunity). New York State has neither waived, nor has Congress abrogated, New York States' immunity with respect to claims arising from the ADA, NYSHRL, or

3

HYCHRL—the very claims that constitute the instant Complaint. See Nicolae v. Office of Vocational & Educ. Servs. for Individuals with Disabilities, 257 Fed. App'x 455, 456-57 (2d Cir. 2007) (citations omitted) (upholding dismissal of ADA claim for lack of subject matter jurisdiction); Jackson v. NYS Dep't of Labor, 709 F. Supp. 2d 218, 226 (S.D.N.Y. 2010) (holding the same for claims brought under the NYSHRL and NYCHRL). As the DMV is a state entity for purposes of Eleventh Amendment immunity, and the Complaint has only been brought against the DMV, the Complaint must be dismissed. See O'Diah v. N.Y.C, No. 02 Civ. 274 (DLC), 2002 WL 1941179, at *6 (S.D.N.Y. Aug. 21, 2002) (collecting cases).

"Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (quoting Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000)). "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Id. (quoting Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)). Taking into account Plaintiff's *pro se* status and the nature of her claims, the Court grants Plaintiff leave to replead within 20 days. See Fed. R. Civ. P. 15(a)(2) (A court "should freely give leave" to amend "when justice

4

so requires."). Any future repleading should show that this Court may exercise subject matter jurisdiction over the claims, such as by naming in the complaint individual defendants responsible for unlawful actions alleged and specifying the factual basis for any claim made. See Ying Jing Gan v. City of N.Y., 996 F.3d 522, 529 (2d Cir. 1993) ("As to a claim brought against [a state official] in his individual capacity . . . the state official has no Eleventh Amendment immunity.").

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss is granted and Plaintiff is granted leave to replead within 20 days.

It is so ordered.

New York, NY
May 31, 2017

ROBERT W. SWEET
U.S.D.J.