

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Careema Watson

_____

Write the full name of each plaintiff.

16 ___CV___07532_____

(Include case number if one has been
assigned)

-against-

Do you want a jury trial?

☒ Yes    ☐ No

NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, CHRISTINA CHIU, in her personal and official capacity,
~~CHRISTINE STIER, in her personal and official capacity,~~ ~~GERARD~~ KERSEY, in his personal and official capacity,
TIMOTHY SANTAMOUR, in his personal capacity, and MARGARET ARCHAMBAULT in her personal capacity

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

## AMENDED
# EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.   PARTIES

### A.   Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Careema | | Watson |
|---|---|---|
| First Name | Middle Initial | Last Name |

| 1515 St. John's Place |
|---|
| Street Address |

| Brooklyn | NY | 11213 |
|---|---|---|
| County, City | State | Zip Code |

| 347-232-1363 | watsoncare1@yahoo.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

| New York State Department of Motor Vehicles |
|---|
| Name |

| 6 Empire State Plaza |
|---|
| Address where defendant may be served |

| Albany | New York | 12228 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| CHRISTINA CHIU |
|---|
| Name |

| 366 W 31st St |
|---|
| Address where defendant may be served |

| New York | New York | 10001 |
|---|---|---|
| County, City | State | Zip Code |

*Will need forwarding address from DMV for Ms. Chiu because Plaintiff believes this Defendant has moved.

Page 2

Defendant 3:

CHRISTINE STIER

Name

366 W 31st St

See attached for
additional.

Address where defendant may be served

| NY | NY | 10001 |
|---|---|---|
| County, City | State | Zip Code |

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

New York State Department of Motor Vehicles, Herald Square Location

Name

1293 Broadway (relocated to 366 W 31st Street)

Address

| NY | NY | 10001 |
|---|---|---|
| County, City | State | Zip Code |

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐  **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐  race: _____

☐  color: _____

☐  religion: _____

☐  sex: _____

☐  national origin: _____

**<u>Additional Defendants[1]:</u>**

**4. GERARD KERSEY,**
366 W 31st Street
New York, NY 10001
*Will need forwarding address from DMV for Mr. Kersey because Plaintiff believes this Defendant has moved.

**5. TIMOTHY SANTAMOUR**
6 Empire State Plaza
Albany, New York 12228

**6. MARGARET ARCHAMBAULT**
6 Empire State Plaza
Albany, New York 12228

---

[1] This document was prepared with the assistance of the New York Legal Assistance Group's Clinic For Pro Se Litigants in the SDNY.

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☒ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a against New York State /DMV for monetary and program or activity receiving federal financial assistance equitable relief

My disability or perceived disability is: substantial limitation of walking, standing, and other periodic limitation from pain and seizures from medical condition

☒ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for against Christina Chiu, Christine Stier, Gerard Kersey, employment discrimination on the basis of a disability in their official capacity for equitable relief

My disability or perceived disability is: substantial limitation of walking, standing, and other periodic limitation from pain and seizures from medical condition

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.   Other Claims**

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status against CHRISTINA CHIU, CHRISTINE STIER,GERARD KERSEY, TIMOTHY SANTAMOUR, MARGARET ARCHAMBAULT, in their personal capacity.

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ **Other** (may include other relevant federal, state, city, or county law):
42 USC 1983, 14th Amendment to the United State Constitution, against Christina Chiu, Christine Stier, and Gerard Kersey in their official and personal capacities and equitable and monetary relief, respectively

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☒ terminated my employment
- ☐ did not promote me
- ☒ did not accommodate my disability
- ☒ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See attached.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.   ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

    ☒  Yes (Please attach a copy of the charge to this complaint.)

        When did you file your charge?   January 24, 2014

    ☐  No

Have you received a Notice of Right to Sue from the ~~EEOC?~~  Department of Justice.

    ☒  Yes (Please attach a copy of the Notice of Right to Sue.)

        What is the date on the Notice?   July 14, 2016

        When did you receive the Notice?   July 18, 2016

    ☐  No

## VI.   RELIEF   See attached.

The relief I want the court to order is (check only those that apply):

    ☐  direct the defendant to hire me

    ☒  direct the defendant to re-employ me

    ☐  direct the defendant to promote me

    ☐  direct the defendant to reasonably accommodate my religion

    ☒  direct the defendant to reasonably accommodate my disability

    ☒  direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

see attached.

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 6/19/2017 | | _Cereema Wat_ |
| --- | --- | --- |
| Dated | | Plaintiff's Signature |
| Careema | | Watson |
| First Name | Middle Initial | Last Name |
| 1515 St. John's Place, Apt. 1E | | |
| Street Address | | |
| Brooklyn | NY | 11213 |
| County, City | State | Zip Code |
| 347-232-1363 | watsoncare1@yahoo.com | |
| Telephone Number | Email Address (if available) | |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**Additional Facts**

1.  Plaintiff, Ms. Careema Watson, is a 35-year-old African American who is a citizen of the United States and a resident of the State of New York. Ms. Watson has been diagnosed with both epilepsy and lupus. She is disabled as result of these conditions because they intermittently interfere with her ability to commute to work, speak, stand in one location for an extended period of time, or engage in other major life activities. An epileptic episode or lupus flare up can result in Plaintiff experiencing debilitating pain.

2.  In 1998 Plaintiff was diagnosed with epilepsy. Since her diagnosis, she has taken medication to prevent seizures. At times, particular medications have lost their effectiveness resulting in seizures, and she has had to switch medications. Switching medications has required several doctor's appointments in working to find another effective medication.

3.  Around 2006, Plaintiff began receiving social security benefits because of her diagnosed disability. As part of the Social Security Administration's ticket to work program, Plaintiff was permitted to seek employment, but not lose her eligibility for social security benefits.

4.  In early 2013, Plaintiff was hired as a Motor Vehicle Representative with the New York State Department of Motor Vehicles (DMV) for a part time afternoon employment position.

5.  The New York State Department of Motor Vehicles (DMV) is a New York state agency that, upon Plaintiff's information and belief received Federal financial assistance during 2013. Plaintiff's sources of information include, among others, the New York State Department of Motor Vehicle's website and The National Highway Traffic Safety Administration's website.

6.  In February 2013, Plaintiff began training for her position with the DMV.

7. On March 19, 2013 Plaintiff began working at the DMV's Herald Square location, in Manhattan. At the Herald Square office, there were approximately 25 "stations" where members of the public would be directed to accomplish a variety of tasks: have their license photos taken, take written tests, complete various applications, and many others. Many tasks could be completed at multiple stations. Some stations had multiple individuals working them.  On any particular day, Plaintiff could be assigned to work at any particular station. She was not regularly assigned to any particular station. There were some stations that Plaintiff was not yet trained to work. When any particular employees were late, out sick, or on vacation, the DMV was still able to staff an appropriate number of stations, and members of the public were still able to complete their tasks.

8. While Plaintiff was originally supposed to work only 17-20 hours a week, throughout her employment at the DMV, Plaintiff was regularly scheduled to work more than that, and at times she was scheduled to work 40 hours a week. Other times, Plaintiff was scheduled for 17-20 hours in a week, but frequently worked more than that because the DMV has a policy of assisting any person who is in the door before closing time. Working more than 17-20 hours per week was inconsistent with plaintiff's medical conditions because the decrease in rest time increased the likelihood of her having a lupus flare up or an epileptic episode and interfered with her ability to attend doctor appointments.

9. On one day in March, not long after starting work, Plaintiff fell ill at work as a result of her epilepsy or her then undiagnosed lupus. She felt light headed. She informed her direct supervisor, CHRISTINA CHIU, and her supervisor's supervisor, Elben Reyes, that Plaintiff was diagnosed with epilepsy in case Plaintiff passed out. Plaintiff did not pass out that day and she completed her work day.

3

10. In June 2013, Plaintiff started feeling symptoms distinct from her epilepsy. She started to experience swollen joints and severe pains throughout her entire body with the most severe pain in her hands, feet, and knees. She also started to experience night sweats that soaked her sheets, and night time vomiting. At times, the lupus would result in her experiencing a type of temporary paralysis preventing her from moving entire body parts. The lupus caused her to develop a Bartholin abscess and other medical conditions that made sitting uncomfortable such as shingles. She also experienced Laryngopharyngeal Reflux which was so severe it caused her to have difficulty breathing on occasion. She had difficult traveling to work as quickly as she had in the past because she began to require unexpected breaks in her commute due to nausea, dizziness, debilitating pain, swollen feet, and pain from sitting on the subway. She would need these breaks to rest and wait for the symptoms to pass. Additionally, these symptoms forced Plaintiff to use the elevators in the New York City subway system instead of escalators or stairs. The delays from the pain, necessary rest, nausea, and use of the subway elevators caused Plaintiff to be late on occasion.

11. In an attempt to determine the exact nature of her new symptoms, Plaintiff began to see many doctors each month. These appointments made Plaintiff late on occasion. For each of these appointments and instances of tardiness, Plaintiff either informed Ms. CHIU or Elben Reyes, or Ms. STIER ahead of time or told them when she arrived at work. Plaintiff's supervisors were aware of her diagnosed medical condition, her new symptoms, and the hardships caused by her new symptoms. Ms. CHIU, Ms. STIER, and Elben Reyes informed Plaintiff that she did not need to bring a doctor's note or complete any paperwork to explain her tardiness. They indicated that the DMV would accommodate her medical conditions by not punishing her for occasionally being late as a result of her medical conditions and doctors appointments.

4

12. In August 2013, Ms. CHIU wrote up Plaintiff for her attendance and tardiness. At that time, Ms. CHIU gave no indication that Plaintiff's attendance or tardiness would result in her termination. To the contrary, Ms. CHIU indicated that the DMV would continue to accommodate Plaintiff's disabilities, but may extend her probationary period. Ms. CHIU was aware of Plaintiff's medical needs and did not offer to change Plaintiff's schedule. No member of the DMV offered to change Plaintiff's schedule. No member of the DMV offered any other form of accommodation.

13. Plaintiff repeatedly informed her supervisors ahead of time about doctors' appointments. Prior to September 2013, many of Plaintiff's supervisors—Ms. CHIU, Ms. STIER, Travis Bromwell, GERARD KERSEY, Michael Lent, Keisha West, and Ms. Bryant—knew that Plaintiff's disabilities caused her difficulty getting to work on time. However, her supervisors continued to schedule her for early morning shifts and long days. Not one of the supervisors offered to adjust her schedule. To the contrary, the supervisors changed her schedule to have her come in an hour earlier on many of her scheduled days. This forced schedule change exacerbated the difficulties that Plaintiff had already made her supervisors aware of—and demonstrated a lack of concern for the issues Plaintiff had raised.

14. On September 26, 2013, Plaintiff became ill at work because of her epilepsy. She left early after speaking to a supervisor. That night, Plaintiff experienced a seizure. Plaintiff went to work the next day September 27, 2013. She told one of her supervisors Michael Lent that she had a seizure the night before, but she intended to work her shift that day. Despite expressing this intention, Lent told her to wait in the break room. A few minutes later, he came in and told her to go home. CHIU disciplined Plaintiff for taking an unscheduled sick day, even though she had come to work with the intention of working and a supervisor sent her home.

15. As a result of this disciplinary action, Plaintiff spoke to Ms. STIER on October 10, 2013, about her doctors' appointments and her disabilities. STIER told Plaintiff that the DMV would accommodate her disabilities, and that Plaintiff didn't need letters from her doctors. STIER did not offer to change Plaintiff's schedule.

16. On October 24, 2013, Plaintiff was diagnosed with lupus.

17. On October 25, 2013, Plaintiff explicitly requested a reasonable accommodation from Ms. STIER because of Plaintiff's reactions to her change in medication and severe symptoms from lupus. Plaintiff asked to know how the DMV could provide adequate reasonable accommodation for her disabilities, including inquiring whether the DMV would permit her to take a brief leave of absence. Brief leave would have permitted Plaintiff to adjust to her new medication, rest to get her symptoms in check. STIER directed Plaintiff to GERARD KERSEY.

18. Soon thereafter Plaintiff spoke to GERARD KERSEY, the Manager for the Herald Square location. She specifically inquired about the FMLA. KERSEY told Plaintiff she was not eligible for the FMLA and did not offer any other reasonable accommodation such as brief unpaid leave. KERSEY told Plaintiff he would get back to her about a reasonable accommodation.

19. Approximately one week later, Plaintiff followed up with KERSEY regarding her request for a reasonable accommodation. KERSEY told her that he would get back to her.

20. Defendant did not honor any of Plaintiff's requests for a reasonable accommodation. To the contrary, on October 28, 2013, after having ignored Plaintiff's requests for reasonable accommodation, Plaintiff's supervisor CHRISTINA CHIU wrote Plaintiff up for excessive tardiness and absences. At this point, because Plaintiff was being disciplined after having just requested a reasonable accommodation, Plaintiff became concerned that she could no longer

6

trust her supervisors at the DMV to reasonably accommodate her disabilities. Plaintiff responded to these disciplinary reports by submitting a document stating that she was having health issues which required an accommodation, including a change in schedule. These requests for accommodation were not honored.

21. After submitting this document, Plaintiff again asked Ms. STIER for a reasonable accommodation, but Ms. STIER told Plaintiff that KERSEY was the only person who could help her. Plaintiff was unable to locate KERSEY despite repeated attempts which included asking multiple supervisors where KERSEY was on multiple occasions.

22. On November 19, 2013, CHIU recommended to her superiors that Plaintiff be terminated. CHIU did not make Plaintiff aware of this recommendation at that time. Plaintiff had not been tardy on any occasion between October 28 and November 19, however, she had made numerous attempts to speak to KERSEY about reasonable accommodations, including a schedule change.

23. On November 26, 2013 Plaintiff was five minutes late because of her symptoms and told a supervisor when she arrived at work.

24. On December 2, 2013, plaintiff had a seizure in the break room of the DMV in the presence of Mr. Bromwell, a DMV supervisor. After a brief period of time for recovery, Plaintiff went back to performing her duties and completed her work day.

25. One week later, on or around December 9, 2013, CHIU and STIER told Plaintiff that she was being terminated. She was told that she was being terminated because of "time and attendance." Plaintiff asked about reasonable accommodations. CHIU and STIER told Plaintiff that there was nothing they could do even though CHIU was the one who had disciplined Plaintiff repeatedly for the consequences of her disability. Upon information and belief,

7

GERARD KERSEY, TIMOTHY SANTAMOUR, the manager of the DMV office, and MARGARET ARCHAMBAULT of the DMV's Albany office ultimately approved the decision to terminate Plaintiff. Plaintiff's source for that belief is the termination paperwork that was provided to Plaintiff at her termination, and other DMV paperwork that was provided to Plaintiff.

26. The DMV never had a set number of absences or instances of tardiness that would lead to an employee's termination during the entirety of Plaintiff's employment. At no point during Plaintiff's employment was she told a specific number of additional tardies or absences would result in her termination. There was no set limit for any individual employee per month, per year, or per career. At no point has the DMV alleged that its attendance policy was applied consistently and fairly for all its employees. Other members of the DMV office were not punished for tardies or absences in the same manner as Plaintiff.

27. Prior to being terminated, Ms. Watson had received multiple written commendations from customers, and also from various supervisors about her work product. Ms. Watson was more than qualified for her position as a Motor Vehicle Representative, and she was able to complete all essential job functions. In June 2013, Ms. Watson received her only negative feedback that was not related attendance related, and that single instance—a small slip up in interstate licensing transfer—did not affect her performance evaluations. Ms. Watson received satisfactory marks on five out of six evaluation categories in both her April 30, 2013 and August 20, 2013 performance reviews. The only category marked less than satisfactory was attendance. Ms. Watson enjoyed working at the DMV and had good relationships with her coworkers.

28. After her employment was terminated, Ms. Watson was distraught and went through a period of depression from her unequal treatment from her employer.

8

29. On December 16, 2013, Ms. Watson went to file a claim with the Equal Employment Opportunity Commission, but an employee at the EEOC instructed her that she must first complete the DMV's internal discrimination complaint process. On December 30, 2013, Ms. Watson filed a complaint with the DMV's Division of Labor Relations. In that complaint she named CHRISTINA CHIU, CHRISTINE STIER, and GERARD KERSEY as having discriminated against her. Ms. Watson never heard back from the DMV after submitting her claim.

30. On January 24, 2014, Ms. Watson filed a charge with the EEOC and explicitly named CHRISTINA CHIU, CHRISTINE STIER, and GERARD KERSEY in that complaint alleging a violation of the ADA and the New York State Human Rights Law. Moreover, during the EEOC investigation the attorneys representing the DMV interviewed Ms. Watson's direct supervisors, other members of management at her DMV office, and the Division of Personnel staff at her DMV office. This included speaking directly with CHRISTINE STIER and GERARD KERSEY.

31. On September 18, 2014 the EEOC's District Director, determined that the DMV was an employer within the meaning of the Americans with Disabilities Act and that there was reasonable cause to believe that it had discriminated against Ms. Watson on account of her disability after reviewing evidence from the DMV and from Ms. Watson (attached). According to the Director, the Commission's investigation revealed that Ms. Watson made the DMV aware of the need for adjustment at work because of a medical condition and there was no evidence that the DMV could not have provided that adjustment or other reasonable accommodation.

32. On November 26, 2014, the EEOC indicated that efforts to conciliate the charged had been unsuccessful.

9

33. On July 18, 2016, Ms. Watson received a right to sue letter from the Department of Justice's Civil Rights Division.

34. She commenced this action on September 26, 2016.

35. Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

36. As a proximate result of defendants' discrimination against plaintiff on the basis of her disability (or a record or a perception of disability), plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

37. As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer impairment and damage to plaintiff's good name and reputation by defendants.

38. As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

39. The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages.

Prayer for Relief

Wherefore, Plaintiff prays that the Court grants such relief as may be appropriate including injunctive orders and damages, and costs as follows:

1. Reinstatement with retroactive seniority for salary, promotion opportunities, pension, sick time, vacation time benefits, other retirement benefits, restoration of other benefits, and prohibition from future discrimination—

a.   pursuant to § 504 of the Rehabilitation Act against the DMV,

b.   pursuant to Title I of the ADA against CHRISTINA CHIU, CHRISTINE STIER, and GERARD KERSEY, in their official capacities,

c.   pursuant to 42 U.S.C. §1983 against CHRISTINA CHIU, CHRISTINE STIER, and GERARD KERSEY, in their official capacities, and

d.   pursuant to the New York State Human Rights Law against CHRISTINA CHIU, CHRISTINE STIER,GERARD KERSEY, TIMOTHY SANTAMOUR, and MARGARET ARCHAMBAULT, in their personal capacities.

2.   Reinstatement with any necessary reasonable accommodations to the Plaintiff—

a.   pursuant to § 504 of the Rehabilitation Act against the DMV,

b.   pursuant to Title I of the ADA against CHRISTINA CHIU, CHRISTINE STIER, and GERARD KERSEY in their official capacities,

c.   pursuant to 42 U.S.C. §1983 against CHRISTINA CHIU, CHRISTINE STIER, and GERARD KERSEY, in their official capacities, and

d.   pursuant to the New York State Human Rights Law against CHRISTINA CHIU, CHRISTINE STIER,GERARD KERSEY, TIMOTHY SANTAMOUR, and MARGARET ARCHAMBAULT in their personal capacities.

3.   A judgment awarding plaintiff compensatory damages for lost earnings, including lost wages, lost sick time, lost vacation time, lost retirement benefits, and lost health insurance coverage—

a.   pursuant to § 504 of the Rehabilitation Act against the DMV,

11

    b.   pursuant to 42 U.S.C. §1983 against CHRISTINA CHIU, CHRISTINE

        STIER, and GERARD KERSEY in their personal capacities, and

    c.   pursuant to the New York State Human Rights Law against CHRISTINA

        CHIU, CHRISTINE STIER,GERARD KERSEY, TIMOTHY

        SANTAMOUR, and MARGARET ARCHAMBAULT, in their personal

        capacities.

4.   A judgment awarding plaintiff compensatory damages for mental anguish, mental

   distress, loss of dignity, humiliation, pain and suffering, and injury to livelihood in an

   amount that is fair and reasonable to be determined at trial—

    a.   Pursuant to § 504 of the Rehabilitation Act against the DMV,

    b.   Pursuant to 42 U.S.C. § 1983 against CHRISTINA CHIU, CHRISTINE

        STIER, and GERARD KERSEY in their personal capacities, and

    c.   Pursuant to the New York State Human Rights Law against CHRISTINA

        CHIU, CHRISTINE STIER, GERARD KERSEY, TIMOTHY

        SANTAMOUR, and MARGARET ARCHAMBAULT, in their personal

        capacities.

5.   A judgment awarding plaintiff compensatory damages for a violation of plaintiff's

   rights—

    a.   Pursuant to 42 U.S.C. § 1983 against CHRISTINA CHIU, CHRISTINE

        STIER, and GERARD KERSEY in their personal capacities, and

    b.   Pursuant to the New York State Human Rights Law against CHRISTINA

        CHIU, CHRISTINE STIER, GERARD KERSEY, TIMOTHY

SANTAMOUR, and MARGARET ARCHAMBAULT, in their personal capacities.

6. A judgment awarding Plaintiff punitive damages—

   a. Pursuant to 42 U.S.C. § 1983 against CHRISTINA CHIU, CHRISTINE STIER, and GERARD KERSEY in their personal capacities, and

   b. Pursuant to the New York State Human Rights Law against CHRISTINA CHIU, CHRISTINE STIER, GERARD KERSEY, TIMOTHY SANTAMOUR, and MARGARET ARCHAMBAULT, in their personal capacities.

7. A judgment awarding plaintiff prejudgment interest, costs, and attorneys fees as provided under applicable law.

8. Such other further relief that the Court may deem just and proper.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

## DETERMINATION

**Charging Party**                          **Charge No:**
Careema Watson                              846-2014-07847
1515 St. John's Place, Apt. 1E
Brooklyn, NY 11213

**Respondent**
Attn: Ida L. Traschen
First Assistant Counsel
State of New York, Department of Motor Vehicles
6 Empire State Plaza
Albany, NY 12228

I issue the following determination on the merits of the subject charge. Respondent State of New York, Department of Motor Vehicles is an employer within the meaning of Americans with Disabilities Act of 1990, as amended. All requirements for coverage have been met.

Charging Party alleges discrimination based on her disability. She alleges that she requested a reasonable accommodation in the form of a temporary change of schedule, but never received a response. Charging Party further alleges that she was terminated for time and attendance issues about one week after suffering a seizure at work. She alleges that she had always provided doctor's notes attesting to her need to be late or absent due to medical appointments.

Respondent denies discriminating against Charging Party. In its position statement, Respondent asserts that it provided Charging Party information about the reasonable accommodation procedure and that Charging Party failed to request any accommodation. It also provides that Charging Party first advised Respondent of her disability in writing about 6 months after she began working with Respondent.

The Commission's investigation reveals that Charging Party made Respondent aware that she needed an adjustment or change at work for a reason related to a medical condition. There is no evidence indicating that Respondent could not have provided a schedule adjustment or other reasonable accommodation that would have allowed Charging Party to continue performing the essential functions of her position.

Based on the above, Respondent's asserted defense does not withstand scrutiny and the Commission has determined that there is reasonable cause to believe that Respondent has discriminated against Charging Party on account her disability.

This determination is final. The ADA requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion.  Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter.  Enclosed is a letter outlining the proposed terms of conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with the ADA and the Commission's Procedural Regulations.  The confidentiality provisions of Section 107 of the ADA and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to enter into conciliation discussions, or when the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

Kevin J. Berry
District Director

9/18/2014
Date

U.S. Department of Justice

Civil Rights Division

*Disability Rights Section - NYA*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

JUL 14 2016

DJ# 205-50-0

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ms. Careema Watson
1515 St. John's Place
Apartment 1-E
Brooklyn, NY 11213

| | | |
|---|---|---|
| Re: | EEOC Charge Against: | New York State, Department of Motor Vehicles |
| | EEOC No.: | 846-2014-07847 |
| | DJ#: | 205-50-0 |

Dear Ms. Watson:

## NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation on your case was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 2117(a).

We are returning the files in this matter to EEOC's District Office.  If you or your attorney, have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to:

Kevin J. Berry
District Director
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

Enclosed you will find a list of state resources and a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA).

We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General

BY: _____
Elisabeth M. Oppenheimer
Trial Attorney
Disability Rights Section

Enclosure:
New York State Resources
Notice of Rights under the ADAAA

cc:    New York State, Department of Motor Vehicles
EEOC-New York District Office

2